Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: 702.471.7000
Facsimile: 702.471.7070
shiroffj@ballardspahr.com

*Attorneys for Defendant*
*DriveTime Automotive Group, Inc.*

Of Counsel

Martin C. Bryce, Jr.
bryce@ballardspahr.com
Jenny N. Perkins
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8238

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGO PONDER,<br><br>    Plaintiff,<br><br>v.<br><br>DRIVETIME AUTOMOTIVE GROUP, INC., D/B/A DRIVETIME,<br><br>    Defendant. | CASE NO. 2:16-cv-01573-JCM-NJK<br><br>**STIPULATED ORDER TO PROTECT PRIVATE AND OTHER CONFIDENTIAL INFORMATION**<br><br>as amended on p. 5 |

Pursuant to Fed. R. Civ. P. 26(c) and the parties' stipulation, the Court enters the following protective order:

**WHEREAS,** Plaintiff Margo Ponder ("Plaintiff") and Defendant DriveTime Automotive Group, Inc. ("DriveTime"), are parties in the above-captioned action; and

DMEAST #28228524 v2

**WHEREAS,** certain materials and information likely to be disclosed during the pendency of this case or as part of discovery may contain private information, information related to third parties and/or may contain confidential, proprietary, and/or trade secret information; and

**WHEREAS,** the parties wish to ensure that any such private or confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Stipulated Order to Protect Private and Other Confidential Information (the "Confidentiality Order"); and

**WHEREAS**, each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to private individuals or to the entity to which the information belongs and each of the parties represents that it has no intention to use any private or confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

**WHEREAS**, the court has considered the parties' Stipulated Motion for Protective Order, and, good cause appearing;

**IT IS HEREBY ORDERED**:

1. This Confidentiality Order governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated as "Confidential" by any party. Discovery Material which has been designated as "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Confidential Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever.

3. Under no circumstances, other than those specifically provided for in

this Confidentiality Order, as otherwise required by law, or with the express and specific consent in writing of the party or third party, which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose or otherwise make known Confidential Material to any person other than the following:

  a. the Receiving Party or any officer, director, employee, agent, or legal partner of a Receiving Party (or a parent, subsidiary or affiliate of that Receiving Party);

  b. counsel of record in this action for the Receiving Party and employees of such counsel assisting in the conduct of this action;

  c. expert witnesses, provided such expert witnesses first agree in writing in the form attached hereto as <u>Exhibit A</u> to be bound by the terms of this Confidentiality Order and confirm that they have read the Confidentiality Order in its entirety;

  d. witnesses at a deposition or trial.  Any witness at a deposition may be asked to be bound by this Confidentiality Order, but any refusal to be bound will not preclude Receiving Party from using Confidential Material although any such witness shall not be allowed to keep any exhibits that are designated Confidential.  Any request to designate any Confidential Materials Confidential for trial must be brought by separate motion;

  e. prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto as <u>Exhibit A</u> to be bound by the terms of this Confidentiality Order and confirm that they have read the Confidentiality Order in its entirety;

  f. the personnel of the Court in which this action has been filed in the

      ordinary course of this action; and

  g. court reporters who record testimony taken in the course of this litigation.

4. A Producing Party, including any third parties, may designate Discovery Material as "Confidential" if such party believes that the Discovery Material constitutes or would disclose private, confidential or proprietary information within the following categories of information: (a) personal or private information of consumers or employees not parties to this action; (b) previously non-public financial or business information relating to the business or financial performance of the Defendant; (c) previously non-public business plans, policies and procedures, product development information, marketing plans, contracts or commercial communications with third parties, or any trade secret; (d) information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court. Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that specified portions of the deposition testimony shall be treated as Confidential Material.

5. An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Confidentiality Order.

6. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached after counsel has conferred in person or via telephone, the producing party must seek relief by contacting the Court and following the procedures set forth for resolving

discovery disputes as set forth in the Court's individual rules, the Local Rules and Fed. R. Civ. P. 26(c). Confidential Material shall remain confidential under this Confidentiality Order until otherwise ordered by the Court.

7. Third parties who have received or who shall produce Confidential Information shall be permitted to invoke the terms of this Confidentiality Order for protection of their Confidential Materials as if they were a party.

8. Nothing in this Confidentiality Order shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Confidentiality Order or from seeking modification to this Confidentiality Order.

9. This Confidentiality Order may be executed by counsel for the parties hereto, or the parties themselves, in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

11. Within ninety (90) calendar days after final termination of this action, each party shall assemble all documents and things furnished and designated by any other party or non-party as Confidential Material, and all copies, summaries and abstracts thereof, and shall either (a) return the documents and things to the Producing Party, or (b) destroy the documents and things. Electronically stored Confidential Material will be deemed destroyed if, within the 90-day period, the Receiving Party has taken steps to ensure that the data destruction policy for the backup media will result in the eventual destruction or overwriting of the electronically stored information. Notwithstanding this provision, counsel are entitled to retain one archival copy of the following materials, even if they contain Confidential Material: (a) all documents filed with the Court; (b) trial, deposition and hearing transcripts; (c) trial, deposition and hearing exhibits; (d) expert reports; (e) consultant and expert work

product; (f) correspondence; and (g) attorney work product.  These archival copies will continue to be subject to the terms of this Protective Order for as long as they are maintained.  If a party elects to destroy the documents, a Certificate of Destruction shall be served on all parties within ninety (90) calendar days of final termination of this action.

Dated: February 3, 2017                                         February 3, 2017

/s/Justin A. Shiroff                                            /s/ David H. Krieger
Ballard Spahr LLP                                               David H. Krieger
100 North City Parkway, Suite 1750                              8985 South Eastern Avenue, Suite 350
Las Vegas, NV 89106                                             Las Vegas, NV 89123

*Attorneys for Defendant*                                       *Attorneys for Plaintiff*
*DRIVETIME AUTOMOTIVE GROUP,*                                   *MARGO PONDER*
*INC. d/b/a DRIVETIME*

## ORDER

IT IS SO ORDERED:

U.S. Magistrate Judge

Dated: February 6, 2017

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGO PONDER, | ) CASE NO. 2:16-cv-01573-JCM-NJK |
| Plaintiff, | ) |
| v. | ) |
| DRIVETIME AUTOMOTIVE GROUP, INC., D/B/A DRIVETIME, | ) |
| Defendant. | ) |

## **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, declare and say that:

1. My address is _____

_____.

2. I have received a copy of and have carefully read the Confidentiality Order entered in *Ponder vs. DriveTime Automotive Group Inc.*, 2:16-cv-01573.

3. I promise that I will comply with all of the provisions of the Confidentiality Order.

DMEAST #28228524 v2

4. I promise that I will use any and all "Confidential" information, as defined in the Confidentiality Order, given to me only in a manner authorized by the Confidentiality Order, and only to assist counsel in the litigation of this matter.

5. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraphs 3 of the Confidentiality Order.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to enforcement of the Confidentiality Order.

7. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Confidentiality Order may subject me to sanctions for contempt of court.

8. At the request of counsel for the party by whom I am retained, or from whom I received the "Confidential" information, I will destroy or return all "Confidential" information that comes into my possession, and documents or things that I have prepared relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____     _____

BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
702.471.7000 FAX 702.471.7070